ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| JANET GONZÁLEZ MORALES, XIOMARA REYES MORALES, CINDIA REYES MORALES<br><br>Recurridas<br><br>v.<br><br>YOLANDA GONZÁLEZ MORALES, JEFFREY GONZÁLEZ MORALES como miembros de la SUCESIÓN DE MARÍA MORALES; Y COMO DEMANDADOS DE LA SUCESIÓN DE JOHN DOE, RICHARD ROE<br><br>Recurridas | TA2025CE00136 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Humacao<br><br>Caso Núm.: HU2024CV01121<br><br>Sobre: Liquidación de Comunidad de Bienes y Hereditaria |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Juez Barresi Ramos y el Juez Sánchez Báez

Sánchez Báez, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 23 de junio de 2026.

Compareció la Sra. Bibiana Morales Cruz, la Sra. Sonia Morales Cruz, el Sr. Eugenio Morales Cruz, la Sra. Olga Iris Morales Cruz, el Sr. José Manuel Morales Cruz, la Sra. Beatriz Morales Cruz, la Sra. Julia Morales Cruz, la Sra. Evelyn Morales Cruz y la Sra. Milagros Morales Cruz (en adelante, "peticionarios") mediante el recurso de *Certiorari* de epígrafe presentado el 11 de julio de 2025. Nos solicitaron que revoquemos la *Orden Intervención* emitida el 7 de marzo de 2025 y notificada el día 12 del mismo mes y año por el Tribunal de Primera Instancia, Sala Superior de Humacao (en adelante, "foro de instancia"). En dicha orden, el foro de instancia

---

[1] Véase *Orden Administrativa DJ 2024-062C* de 6 de mayo de 2025, sobre enmienda a la orden de designación de Paneles en el Tribunal de Apelaciones.

declaró No Ha Lugar una solicitud de intervención que presentaron los peticionarios.

Por los fundamentos que expondremos a continuación, se **deniega** el auto de *Certiorari.*

-I-

La controversia ante nuestra consideración versa sobre una solicitud de intervención que presentaron los peticionarios en un pleito de liquidación de comunidad de bienes hereditaria.[2] Del expediente en autos, surge que las señoras Janet González Morales, Xiomara Reyes Morales y Cindia Reyes Morales (en adelante, "recurridas") presentaron la acción de epígrafe contra la Sra. Yolanda González Morales, el Sr. Jeffrey González Morales y otros demandados desconocidos (en adelante, "recurridos"), para solicitar la liquidación de la comunidad de bienes hereditaria compuesta por las partes.[3] Todos los recurridos son los hijos de la Sra. María Morales Cruz t/p/c María Morales (en adelante, "señora Morales Cruz" o "causante"), quien falleció intestada el 14 de diciembre de 2023.

De las alegaciones de la *Demanda* se desprende que, al momento de fallecer, la causante poseía una estructura, edificada en suelo ajeno, en el Barrio Candelero Arriba de Humacao.[4] La señora Morales Cruz poseyó este inmueble de manera pública, pacífica, ininterrumpida y en calidad de dueña por más de treinta años. Además, tenía dos cuentas de banco y bienes muebles en el hogar.[5] Las recurridas expusieron que, tras el fallecimiento de su madre, los recurridos se apoderaron del inmueble y han impedido el acceso de estas a la propiedad. Debido a ello, presentaron la referida

---

[2] Véase, Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (en adelante, "SUMAC-TPI"), entrada núm. 14.
[3] SUMAC-TPI, entrada núm. 1.
[4] *Id.*
[5] *Id.*

*Demanda*, ya que, entre otros asuntos, no desean continuar en comunidad.

Así pues, las recurridas solicitaron al tribunal primario la concesión, entre otros, de los siguientes remedios:

1. Que decrete que tanto las demandantes como los dos demandados son los dueños de la estructura residencial que dejó la causante.

2. Que durante el tiempo que perdure el proceso para liquidar la comunidad hereditaria se les permita tener acceso a la propiedad y alquilarla de manera que los frutos se acumulen para los gastos.

3. Que determine el valor real del inmueble en el mercado y su valor rentable mediante la designación de un tasador.

4. Que se le reconozca a las recurridas un crédito por la participación de la renta no devengada durante el tiempo en que los recurridos le han impedido el acceso al inmueble.

5. Que se les compense por los gastos funerarios y legales incurridos, además de las contribuciones pagadas tras el fallecimiento de la causante y por los cuales los recurridos también son responsables.

6. Que desean liquidar la sucesión, mediante el pago a los recurridos de sus participaciones en el inmueble, después de considerar los créditos a los que tienen derecho, conforme a las disposiciones del Código Civil de Puerto Rico.

7. Que se les permita, después de ejercer su derecho de retracto de comunero, depositar o pagar la participación de los recurridos y que se le adjudique la propiedad.[6]

Mediante una *Contestación a Demanda y Solicitud de Intervención*, comparecieron los peticionarios para solicitar intervenir en el pleito, pues "tienen un interés propietario sobre la finca donde enclava la estructura residencial que reclama la parte demandante, al igual que en cuanto a la residencia en sí, por ser herederos de los inmediatos anteriores dueños".[7] Sobre el particular, sostuvieron que la aludida propiedad pertenece en común proindiviso a los recurridos y a los peticionarios. Según expusieron los peticionarios, al igual que la causante, son los hijos y herederos del Sr. Blas Morales Alicea y la Sra. Estelvina López

---

[6] *Id.*
[7] *Id.*, entrada núm. 14.

también conocida por Estervina López, Esterbina López, Esther López, Esthervina Cruz, Esther Cruz y Luz E. Cruz López, que fallecieron intestados el 17 de julio de 1988 y el 30 de junio de 1992, respectivamente.[8] Por consiguiente, aducen que la causante no es titular de la estructura residencial en controversia, ya que pertenece a los herederos del señor Morales Alicea y la señora López.

En respuesta, las recurridas presentaron una *Moción en Reacción a Orden Sobre Intervención*, en la que sostuvieron que los peticionarios no cumplieron con la Regla 21 de Procedimiento Civil, *infra*, que exige que la solicitud de intervención se presente por escrito, de forma separada, y que exprese las razones para la intervención.[9] Además, afirmaron que en la *Demanda* no existe ninguna alegación sobre la finca a la que alude la escritura que incluyeron los peticionarios en su contestación a la demanda. Por último, argumentaron que los peticionarios, bajo juramento, admitieron que la estructura edificada en dicha finca pertenecía a la causante, por lo que estos carecían de un interés sobre la edificación que pueda quedar afectado con la disposición final del caso.

Después de varios trámites procesales, los peticionarios presentaron una *Moción en Cumplimiento de Orden y para que se Autorice Intervención*.[10] En su escrito, reiteraron los argumentos esbozados en la *Contestación a Demanda y Solicitud de Intervención*. No obstante, afirmaron que el interés propietario que los legitima surge de la Escritura sobre Cesión Recíproca de Acciones y Derechos que se otorgó el 20 de mayo de 2000, por medio de la cual advinieron titulares de la finca donde se encuentra enclavado el inmueble. Sostuvieron que su interés sobre la propiedad en cuestión podría verse afectado por el resultado del caso de no permitirse su

---

[8] *Id.*, anejo.
[9] *Id.*, entrada núm. 16.
[10] *Id.*, entrada núm. 22.

intervención, para demostrar que los edificantes de la residencia fueron sus padres.

Por su parte, las recurridas reiteraron su petición para que se denegara la solicitud de intervención.[11] Argumentaron que la nueva petición no cumple con la Regla 21 de Procedimiento Civil, *infra*, debido a que los peticionarios no lograron demostrar cómo sus derechos se verían afectados. Para las recurridas, la moción sometida solo demuestra que no tienen ningún derecho sobre la sucesión de María Morales Cruz, pues el suelo donde se encuentra la edificación, que pertenece en comunidad a la causante y sus hermanos (los peticionarios), no es objeto de la causa incoada. Por tanto, sus derechos no se afectarán por el trámite del caso.

Examinadas las posiciones de las partes, el foro de instancia denegó la solicitud de intervención presentada por los peticionarios, mediante *Orden Intervención* emitida el 7 de marzo de 2025.[12]

Oportunamente, los peticionarios solicitaron reconsideración del dictamen, a la que se opusieron las recurridas.[13] El 11 de junio de 2025, el foro primario declaró no ha lugar la petición.[14]

En desacuerdo con lo resuelto, los peticionarios acudieron ante este tribunal intermedio, mediante el recurso de epígrafe, en el que señalaron los siguientes dos errores:

> **Primer Error:** Incidió el Tribunal de Primera Instancia al denegar la intervención de la Parte Interventora conforme a las Reglas 21.1 y 21.2 de Procedimiento Civil, existiendo controversia en cuanto a la titularidad del inmueble objeto del caso, sin siquiera habérseles dado la oportunidad de ser escuchados, lo que va en contra del Debido Proceso de Ley y en detrimento de su interés propietario.

> **Segundo Error:** Incidió el Tribunal de Primera Instancia al denegar la intervención de la Parte Interventora, siendo estos partes indispensables en el caso, por ser titulares de la finca y la residencia en controversia.

**-II-**

---

[11] *Id.*, entrada núm. 24.
[12] *Id.*, entrada núm. 25.
[13] *Id.*, entradas núm. 26 y 28.
[14] *Id.*, entrada núm. 30.

## A. *Certiorari*

El recurso de *Certiorari* es un mecanismo procesal que le permite a un tribunal de mayor jerarquía revisar las determinaciones del tribunal recurrido. *Rivera et al. v. Arcos Dorados et al,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023). Distinto al recurso de apelación, el foro revisor tiene la facultad para expedir o denegar el recurso de C*ertiorari* de manera discrecional. *García v. Padró,* 165 DPR 324, 334 (2005). Sin embargo, tal discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera. *Torres González v. Zaragoza Meléndez,* supra, pág. 847.

En específico, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone los preceptos que regulan la expedición discrecional que ejerce el Tribunal de Apelaciones para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, a saber:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. *Id.*

Luego de auscultar si el recurso discrecional cumple con las disposiciones de la Regla 52.1 de Procedimiento Civil, *supra,* este tribunal intermedio procederá a evaluar el recurso a la luz de la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas.* Reglamento TA, 2025 TSPR 141, pág. 63, 216 DPR ___ (2025). La referida Regla establece los criterios

que debemos tomar en consideración al atender una solicitud de expedición de un auto de *Certiorari*, a saber:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. *Id.*

Cabe precisar que nuestro Tribunal Supremo ha expresado que —para el buen funcionamiento del sistema judicial y la rápida disposición de los litigios— el juzgador de Instancia tiene gran flexibilidad y discreción para atender y conducir los asuntos litigiosos ante su consideración. *In re Collazo I,* 159 DPR 141, 150 (2003). Esto es, el adjudicador del foro primario tiene plena facultad para conducir el proceso judicial que atiende de acuerdo con su buen juicio y discernimiento al interpretar el derecho aplicable. Dado a eso, la norma general es que el tribunal revisor sólo intervendrá con las facultades discrecionales de los foros primarios en circunstancias extremas y cuando se demuestre que éstos: (1) actuaron con prejuicio o parcialidad; (2) incurrieron en un craso abuso de discreción, o (3) se equivocaron en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo.

*Rivera et al. v. Arcos Dorados et al.,* supra, pág. 210; *Cruz Flores et al. v. Hosp. Ryder et al.,* 210 DPR 465, 497 (2022).

Por tanto, la denegatoria a expedir un recurso discrecional responde a la facultad de este tribunal intermedio para no intervenir a destiempo con el trámite pautado por el foro de instancia y no implica la ausencia de error en el dictamen recurrido ni una adjudicación en los méritos. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

**B. Intervención**

La intervención es un mecanismo procesal mediante el cual un tercero solicita ser incluido en una acción pendiente ante los tribunales como parte demandante o parte demandada. R. Hernández Colón, *Derecho Procesal Civil*, 5ta ed., San Juan, Lexis-Nexis, 2010, Sec. 1306, pág. 167. El tercero debe presentar una reclamación o defensa y, si el tribunal lo autoriza, se convierte en parte para fines de la reclamación o defensa presentada. *Doral Morgage Corp. v. Alicea*, 147 DPR 862, 866 (1999). Su utilidad consiste "en ofrecer protección a un nutrido e indefinido grupo de personas con variados intereses, en ocasiones de importancia pecuniaria o legal". (Cita omitida). *R. Mix Concrete v. R. Arellano & Co.,* 110 DPR 869, 873 (1981).

La intervención se encuentra regulada por la Regla 21 de Procedimiento Civil, 32 LPRA Ap. V. R. 21. Así, conforme a la norma procesal, cualquier persona puede intervenir en un pleito en el cual no sean parte, cuando por ley o por las reglas se le otorga un derecho incondicional a intervenir, o cuando se tiene un interés en la propiedad o asunto objeto del litigio que puede quedar afectado con su disposición final. 32 LPRA Ap. V, R. 21. No obstante, no se permite la intervención para introducir al pleito materia litigiosa no relacionada a la que surge de la demanda original. Tampoco se puede utilizar para "inyectar al litigio controversias colaterales a la

acción principal". J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da ed., San Juan, Pubs J.T.S., T. II, 2011, págs. 781-782.

Al evaluar una solicitud de intervención, se debe analizar primero si existe un interés que amerite protección y si dicho interés, como cuestión práctica, quedaría afectado por la ausencia del interventor. *IG Builders et al v. BBVAPR*, 185 DPR 307, 321 (2012). En la aplicación de la norma, el análisis debe ser pragmático, más que conceptual. *Id.* Aunque una solicitud de intervención se debe interpretar liberalmente, esto no implica que proceda refrendar su uso irrestricto "fallando en toda instancia a favor de la intervención". *Id.*

**-III-**

Los peticionarios cuestionan la decisión del foro de instancia de no permitir su intervención en el pleito de liquidación de comunidad hereditaria compuesta por los recurridos y las recurridas. A su entender, la denegatoria del tribunal primario los privó de su derecho a un debido proceso de ley, pues existe controversia sobre la titularidad de la vivienda que se edificó en suelo ajeno. En su opinión, esperar el resultado del pleito, sin que la parte interventora sea escuchada o pueda presentar prueba a su favor, "iría en detrimento de su interés propietario". Afirman que tienen un interés propietario sobre dicha vivienda, el cual se vería afectado por el resultado del pleito si no se les reconoce como interventores.

Sin embargo, al evaluar la totalidad del expediente y las alegaciones de las partes, no vemos que la solicitud presentada por los peticionarios exprese todos los fundamentos necesarios para sustentar su intervención. Regla 21.4, *supra.* De la Escritura de Cesión Recíproca de Acciones y Derechos, que los peticionarios acompañaron con su petición de intervención, no surge el alegado interés propietario que alegadamente ostentan sobre la edificación

en controversia. Solo se puede corroborar que los peticionarios, junto a la causante, son dueños del suelo o la finca donde se erigió la estructura, pero nada dice sobre la vivienda objeto del pleito de epígrafe y sobre la que reclaman tener un interés propietario. Como mencionamos, una solicitud de intervención debe contener los fundamentos en que se basa la intervención y debe poner al tribunal en posición de poder decidir su procedencia.

En vista de lo anterior, no encontramos que el tribunal recurrido haya incurrido en pasión, prejuicio, parcialidad o error manifiesto en su determinación de denegar la solicitud de intervención que presentaron los peticionarios. Tampoco existen razones para intervenir en esta etapa de los procedimientos, ya que no se configura ninguna de las circunstancias que justifiquen la expedición del auto bajo los fundamentos de la Regla 40 de nuestro Reglamento, *supra.*

A tenor con lo anterior, concluimos que no existe criterio jurídico que amerite nuestra intervención en esta etapa de los procedimientos.

**-IV-**

Por los fundamentos que anteceden, se **deniega** la expedición del recurso de *Certiorari.*

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones